Filed 7/11/25  P. v. Brooks CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ARTHUR BROOKS,<br><br>　　　Defendant and Appellant. | F089638<br><br>(Super. Ct. No. 17FE010678)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Sacramento County.  Donald J. Currier, Judge.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　　Before Detjen, Acting P. J., Franson, J. and Meehan, J.

## INTRODUCTION

In 2018, appellant and defendant Arthur Brooks (appellant) was sentenced to an aggregate term of 16 years in state prison, which included two years for two prior prison term enhancements (Pen. Code,[1] § 667.5, subd. (b)). In 2024, the trial court recalled his sentence pursuant to section 1172.75, dismissed the two years previously imposed for the prior prison term enhancements, and resentenced him to 14 years.

On appeal after resentencing, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant did not file a supplemental brief on his own behalf. We affirm.

## PROCEDURAL BACKGROUND

On November 9, 2017, appellant was convicted after a jury trial in the Superior Court of Sacramento County of count 1, assault with a deadly weapon (§ 245, subd. (a)(1)), and count 2, infliction of corporal injury resulting in a traumatic condition on the mother of his children (§ 273.5, subd. (a)), with an enhancement that he personally used a deadly and dangerous weapon, a jagged-ended broom handle (§ 12022, subd. (b)(1)). The trial court found appellant had one prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)), one prior serious felony conviction enhancement (§ 667, subd. (a)) and two prior prison term enhancements (§ 667.5, subd. (b)).[2]

On January 5, 2018, the trial court imposed an aggregate sentence of 16 years based on the upper term of four years for count 2, doubled to eight years as the second strike term, with consecutive terms of one year for the deadly weapon enhancement, five years for the prior serious felony enhancement, and two years for the

---

[1]    All further statutory citations are to the Penal Code.

[2]    A jury was unable to reach a verdict after appellant's first trial and a mistrial was declared. Appellant was convicted after his second jury trial.

prior prison term enhancements.  The court stayed the terms imposed for count 1 and an unrelated drug offense.

In 2019, the judgment was affirmed on appeal.  (*People v. Brooks* (May 21, 2019, C086273 [nonpub. opn.]).

On August 3, 2022, the trial court dismissed appellant's motion to strike the five-year term imposed for the prior serious felony enhancement because it lacked jurisdiction to do so, and he was ineligible for relief.

On May 23, 2023, the trial court dismissed appellant's motion to strike the prior prison term enhancements because he could not request relief on his own motion.

**Recall and Resentencing**

On May 15, 2024, the parties stipulated to the trial court that appellant was eligible for recall and resentencing and dismissal of the prior prison term enhancements pursuant to section 1172.75, he was entitled to be present at a resentencing hearing, and he waived his rights to presence and a hearing.  They also stipulated the court could dismiss the prior prison term enhancements and the two years imposed for those enhancements, and resentence appellant to the stipulated term of 14 years.[3]

---

**3**     The stipulation stated the parties were entering into it pursuant to either section 1171 and/or 1171.1.  At the time of the stipulation, section 1171 addressed dismissal of enhancements imposed for prior narcotics offenses.  (*People v. Flores* (2022) 77 Cal.App.5th 420, 443.)

As for section 1171.1, "[p]rior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years.  [Citation.]  Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Stats. 2019, ch. 590) (Senate Bill 136) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses.  [Citations.]  Enhancements based on prior prison terms served for other offenses became legally invalid.  [Citation.]  The amendment was to be applied retroactively to all cases not yet final on January 1, 2020."  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.)  "Later, in 2021, the Legislature enacted Senate Bill No. 483

On the same day, the trial court imposed the stipulated sentence of 14 years based on the upper term of four years for count 2, doubled to eight years as the second strike sentence, and consecutive terms of five years for the prior serious felony enhancement and one year for the deadly weapon enhancement; the court stayed the sentences imposed for count 1 and the unrelated drug offense.

On May 29, 2024, appellant filed a notice of appeal. On April 10, 2025, the California Supreme Court ordered this appeal transferred from the Court of Appeal, Third Appellate District, to the Fifth Appellate District.

## DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court. The brief also included counsel's declaration that appellant was advised he could file his own brief with this court. On May 5, 2025, this court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues. Appellant did not do so.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

---

(2021−2022 Reg. Sess.) .… This bill sought to make the changes implemented by Senate Bill 136 retroactive. [Citation.] It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75 .…" (*Burgess*, at p. 380.)